# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:

PALI HOLDING, INC., and                                    Chapter 7
PALI CAPITAL, INC.,

                                                           Cases No. 10-11727 (REG)

                        Debtors.                                     10-15393 (REG)

------------------------------------------------------------------X

YANN GERON, Chapter 7 Trustee of the
Estates of Pali Holdings, Inc. and Pali Capital,
Inc.,

                        Plaintiff,                         Adv. Proc. No.   13-01178 (REG)
                                                                           13-01179 (REG)

        - against –

RICHARD ABRAHAMS, RICHARD ANTHONY,
BRADLEY BERK, PETER BORISH, BERT R.
COHEN, JOHN FEDDERS, KEVIN FISHER, GARY
FREEDMAN, TIMOTHY PARROTT, BRADLEY
REIFLER, JOSEPH SCHENK, DAVID WASITOWSKI,
RONALD WEINSTEIN, and REIFLER CAPITAL
ADVISORS, INC.,

                        Defendants.

------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT
## BETWEEN AND AMONG TRUSTEE, DEFENDANTS AND UNDERWRITERS

This Stipulation of Settlement (the "**Stipulation**" or "**Agreement**") is made and entered
into by and among Yann Geron, as Chapter 7 Trustee ("**Trustee**") of Pali Holdings, Inc. ("**Pali
Holdings**") and Pali Capital, Inc. ("**Pali Capital**") (together "**Pali**" or the "**Debtors**"), Brit
Insurance Syndicate 2987, and Lexington Insurance Company (collectively, "**Underwriters**"),
and the defendants ("**Defendants**") in the above-captioned adversary proceedings ("**Adversary
Proceedings**") (Trustee, Debtors, Debtors' estates, Underwriters and Defendants collectively,
the "**Parties**").

## RECITALS

A.      On April 1, 2010, Pali Holdings filed a voluntary petition for relief under Chapter
11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). By order dated November
8, 2010, Pali Holdings' Chapter 11 case was converted to a Chapter 7 case.

B.      On October 14, 2010, Pali Capital filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

C.      Trustee was thereafter appointed as the Chapter 7 Trustee of both Pali Holdings and Pali Capital.  Trustee has since qualified, and is currently serving, as permanent trustee of the Pali estates.  Trustee has the power and authority to authorize the Debtors' estates' pursuit and settlement of litigation claims, including the Adversary Proceedings, subject to Bankruptcy Court approval.

D.      Underwriters are the subscribers to Directors & Officers & Company Reimbursement Policy Number B0572NA072488 issued to Pali Holdings for the policy period of June 21, 2007 to June 21, 2008 (the "**Policy**") with a $10 million aggregate limit of liability. In accordance with the terms of the Policy, the limit of liability is reduced by any legal fees paid out by Underwriters relating to the defense of an action concerning a covered claim. Notwithstanding the Underwriters agreements and obligations set forth below, the Underwriters do not admit that coverage exists for the Adversary Proceedings or other matters addressed in this Settlement Agreement.

E.      On February 5, 2013, Trustee commenced the Adversary Proceedings against the Defendants by filing two complaints with this Court. The complaints stated, among other claims, claims for breach of fiduciary duty against former officers and directors of Pali. Since February of 2013, the Parties have adjourned various litigation deadlines relating to the Adversary Proceedings, except that Defendants filed a motion to withdraw the reference with the District Court for the Southern District of New York, which motion has been adjourned.

F.      In order to avoid the costs, burden and uncertainty of litigation, the Parties have agreed to settle all disputes and controversies between and among them under the terms set forth in this Agreement.  Defendants have not admitted any liability or wrongdoing nor have they made any admissions as to the strengths or weakness of any claims or defenses that could have been asserted by the Parties as part of the litigation or this settlement.

## TERMS AND CONDITIONS

**NOW, THEREFORE**, in consideration for the covenants, promises and releases set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in full settlement of all claims that have or could have been asserted by and/or against the Parties, the Parties hereby agree, on behalf of themselves and any and all of their predecessors, successors, assigns, insurers, and any other parties or persons claiming by, through, or under any of the Parties hereto, as follows:

1.      **Recitals**. The foregoing recital paragraphs are incorporated into and form a part of this Agreement.

2.   **Settlement Payments**.

(a) In accordance with section 8 of this Agreement, and pursuant to the wire instructions attached hereto as Schedule A, on the Payment Date, Underwriters shall pay or cause to be paid to the Trustee the sum of five million three hundred and fifty thousand dollars (**$5,350,000**) (the "**Underwriters Payment**"), of which amount five hundred and sixty-five thousand dollars (**$565,000**) (the "**Defendants' Counsel Fees**") shall be paid to counsel for the Defendants for fees and costs in the following amounts: (i) Morrison Cohen LLP: $168,500; (ii) Baker Hostetler: $92,500; (iii) Rosenberg Feldman Smith, LLP: $25,000; (iv) Law Office of Gregory L. Smith: $25,100; (v) McFadden, Pilkington & Ward LLP: $17,500; (vi) Cooley LLP: $71,567; (vii) Moses & Singer LLP: $84,101; (viii) Hoguet Newman Regal & Kenney: $40,000; and (ix) Shenwick & Associates: $40,732, for an aggregate payment of $565,000.  Trustee shall pay to Defendant's Counsel the amounts set forth in the prior sentence within three (3) business days following the Payment Date (as defined in section 8 herein) pursuant to the Wiring Instructions set forth in Schedule B.  Defendants understand, accept and agree that actual fees and costs incurred by Defendants may exceed the amounts which Defendants shall receive under this Agreement, but agree to accept payment amounts herein in conjunction with this Agreement. Defendants represent that as of the execution of this Settlement Agreement they or their counsel have not received any payments for counsel fees or costs from Underwriters in connection with the Adversary Proceedings.

(b) On the Payment Date, and pursuant to the wire instructions attached hereto as Schedule A, Bert Cohen and/or Brad Berk shall pay or cause to be paid to the Trustee the sum of three hundred and seventy-five thousand dollars (**$375,000**) (the "**Cohen Payment**"); Mr. Cohen and Mr. Berk are jointly and severally liable for the Cohen Payment.

(c) The Underwriters Payment, Defendants' Counsel Fees, the Cohen Payment, along with certain non-monetary consideration set forth herein, constitute consideration for this Agreement and for the compromise and release of all potential claims that the Parties have or may have against each other (the "**Settlement Payment**").

(d) The Settlement Payment shall be deemed completed when all of the Underwriters Payment, the Cohen Payment, and the Defendants' Counsel Fees have cleared the respective recipient's bank account.  Failure to clear any of the payments comprising the Settlement Payment shall constitute a payment default of this Agreement, and absent cure of any such payment default within three (3) business days from email notice of such default, this Agreement and all of its terms shall be deemed null and void, and the Parties shall be reinstated to their respective rights and positions existing immediately prior to the execution of this Agreement, and any partial Settlement Payment shall be returned.

3.   **Trustee's, Debtors' and Debtors' Estates' Release of the Defendants**.

(A) Except for the obligations imposed by and arising from this Agreement and subject to the conditions set forth in sections 2, 8 and 9 herein and the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of the Defendants' Counsel Fees, each of the Trustee, the Debtors' Estates and the Debtors

hereby releases and discharges each of the (i) Defendants, and their respective successors, predecessors, parents, affiliates, subsidiaries, divisions, heirs, executors, and assigns, and (ii) the Defendants' employees, directors and officers (collectively, the "**Paragraph 3 Employees**"), Professionals, and accountants and attorneys retained by the foregoing at any time prior to the date hereof who do not otherwise constitute Professionals as defined herein (together with the Paragraph 3 Employees, the "**Paragraph 3 Limited Releasees**"), of and from any and all liability for claims, demands, controversies, liabilities, damages, debts, obligations, costs, expenses, attorneys' fees, and causes of action of any kind and nature, in law or in equity, whether known or unknown, or any acts, matters or omissions, claims, rights, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, obligations, costs, expenses, attorneys' fees, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, whether known or unknown, which they ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement, including, but not limited to the claims raised or which could have been raised in FINRA Arbitration captioned Bradley C. Reifler v. Pali Capital, Inc. (Case No. 09-772) (the "**Reifler Arbitration**"). For the purposes of this Agreement, "**Professionals**" shall mean any attorney, accountant or other professional retained by or consulted with any Party in connection with the Adversary Proceedings or the negotiation of this Agreement.

(B) Notwithstanding the foregoing, the above releases in respect of the Paragraph 3 Limited Releases shall be solely limited to matters related to the Debtors and the Debtors' Estates, provided, that the Trustee, Debtors or the Debtors' Estates may assert any counterclaims against any Paragraph 3 Limited Releasee in the event such person files an action against the Trustee, the Debtors or the Debtors' Estates. Notwithstanding the foregoing, nothing herein is intended nor shall be deemed to release or inure to the benefit of Jenner & Block LLP, nor any attorney presently or formerly employed by or associated with Jenner & Block LLP (collectively, "**Jenner**"), and Jenner is hereby specifically excluded from the foregoing release.

4. **Defendants Release of the Trustee, the Debtors' and the Debtors' Estates**.

(A) Except for the obligations imposed by and arising from this Agreement and subject to the conditions set forth in sections 2, 8 and 9 herein and the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of the Defendants' Counsel Fees, the Defendants each hereby release and discharge each of the Trustee, the (i) Debtors' and the Debtors' Estates and their respective successors, predecessors, parents, affiliates, subsidiaries, divisions, heirs, executors, and assigns, and (ii) employees, directors and officers of the foregoing who do not otherwise constitute Defendants (collectively, the "**Paragraph 4 Employees**"), Professionals, and accountants and attorneys retained by the foregoing at any time prior to the date hereof who do not otherwise constitute Professionals as defined herein (together with the Paragraph 4 Employees, the "**Paragraph 4 Limited Releasees**"), of and from any and all liability for claims, demands, controversies, liabilities, damages, debts, obligations, costs, expenses,

attorneys' fees, and causes of action of any kind and nature, in law or in equity, whether known or unknown, or any acts, matters or omissions, claims, rights, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, obligations, costs, expenses, attorneys' fees, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, whether known or unknown, which they ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement, including, but not limited to the claims raised or which could have been raised in FINRA Arbitration captioned Bradley C. Reifler v. Pali Capital, Inc. (Case No. 09-772) (the "**Reifler Arbitration**"), and any and all Proofs of Claim filed by any Defendants.

(B) Notwithstanding the foregoing, the above releases in respect of the Paragraph 4 Limited Releases shall be solely limited to matters related to the Debtors and the Debtors' Estates, provided, that any Defendant may assert any counterclaims against any Limited Releasee in the event such person files an action against such Defendant. Notwithstanding the foregoing, nothing herein is intended nor shall be deemed to release or inure to the benefit of Jenner, and Jenner is hereby specifically excluded from the foregoing release.

5. **Defendants' Releases of Each Defendant**. Except for the obligations imposed by and arising from this Agreement and subject to the conditions set forth in sections 2, 8 and 9 herein and the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of the Defendants' Counsel Fees, the Defendants each hereby release and discharge each other Defendants and their respective successors, predecessors, parents, affiliates, subsidiaries, divisions, heirs, executors, Professionals and assigns of and from any and all liability for claims, demands, controversies, liabilities, damages, debts, obligations, costs, expenses, attorneys' fees, and causes of action of any kind and nature, in law or in equity, whether known or unknown, or any acts, matters or omissions, claims, rights, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, obligations, costs, expenses, attorneys' fees, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, whether known or unknown, which they ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement, including, but not limited to: (a) any claims raised or which could have been raised in the Adversary Proceedings; (b) any actions commenced by or claims raised or which could have been raised by Defendants arising from or relating to the Policy; (c) any claims raised or which could have been raised relating to Pali Capital or Pali Holdings, including, but not limited to the claims raised or which could have been raised in the Reifler Arbitration and any proof of claim or other claims filed by or on behalf of any of the Defendants or Lloyds in either of the Debtors' cases; and (d) any claims raised or which could have been raised in the action captioned *Bradley C. Reifler v. Bert Cohen, Kevin Fisher and Joseph Schenk,* New York Supreme Court Index No. 652244/13 (the "**Reifler Action**"). Notwithstanding the foregoing, nothing herein is intended nor shall be deemed to

release or inure to the benefit of Jenner, which is hereby specifically excluded from the foregoing release.

6.    **Defendants' Release of Underwriters Under The Policy**.    Except for the obligations imposed by and arising from this Agreement and subject to the conditions set forth in sections 2, 8 and 9 herein and the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of the Defendants' Counsel Fees, each of the Defendants releases and discharges Underwriters and their respective successors, predecessors, parents, affiliates, subsidiaries, divisions, heirs, executors, Professionals, and assigns of and from any and all liability for claims, demands, controversies, liabilities, damages, debts, obligations, costs, expenses, attorneys' fees, and causes of action of any kind and nature, in law or in equity, whether known or unknown, or any acts, matters or omissions, claims, rights, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, obligations, costs, expenses, attorneys' fees, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, whether known or unknown, which they ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement arising from or relating to the Policy or to any matter involving the Debtors, the Debtors' estates or the Trustee.

7.    **Underwriters' Release of the Parties**.    Except for the obligations imposed by and arising from this Agreement and subject to the conditions set forth in sections 2, 8 and 9 herein and the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of the Defendants' Counsel Fees, Underwriters release and discharge each of the Defendants, the Debtors, the Debtors' estates, the Trustee and each of their respective successors, predecessors, parents, affiliates, subsidiaries, divisions, heirs, executors Professionals, and assigns of and from any and all liability for claims, demands, controversies, liabilities, damages, debts, obligations, costs, expenses, attorneys' fees, and causes of action of any kind and nature, in law or in equity, whether known or unknown, or any acts, matters or omissions, claims, rights, causes of action, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, obligations, costs, expenses, attorneys' fees, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, in law, admiralty or equity, whether known or unknown, which they ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Agreement arising from or relating to the Policy or to any matter involving the Debtors, the Debtors' estates or the Trustee.

8.    **Effective Date of Releases**.    The releases set forth in sections 3-6 above (the "**Releases**") shall become effective upon: (a) the issuance of an order by the Bankruptcy Court approving this Agreement (the "**Approval Order**") after it becomes a Final Order as defined below; (b) receipt by Trustee of the Underwriters Payment and the Cohen Payment; and (c) receipt by Defendants' counsel of the Defendants' Counsel Fees. Upon the Releases becoming effective, the Parties agree not to institute litigation, arbitration, or otherwise assert claims against one another with respect to any matters or claims released herein, and each Party is

forever enjoined from commencing suits against any other party that is in violations with the Releases provided in this Agreement. The term "**Final Order**" as used herein means: (i) an Order of the Bankruptcy Court as to which the time to appeal has expired, and as to which no appeal, or other proceedings for re-argument or rehearing shall then be pending; or (ii) in the event that an appeal, re-argument, or rehearing thereof has been sought, such order of the Bankruptcy Court has been affirmed in material respects by the highest court to which such order may be appealed and has been timely appealed, and the time to take any further appeal, move for re-argument, or rehearing shall have expired; provided however, notwithstanding the foregoing, an Order that is subject to appeal may be treated as a Final Order if no stay of the Order has been obtained and all Parties to the Bankruptcy proceeding consent to treating such Order as a Final Order. Upon the Trustee's receipt of the Underwriters Payment and Cohen Payment and Defendants' counsel's receipt of Defendants' Counsel Fees, and upon the releases becoming effective as set forth in this Paragraph 8, the Policy shall be deemed cancelled and null and void *ab initio.*

9.    **Payment Date and Allocation of Settlement Payment**. The term "**Payment Date**" as used herein means five (5) business days after the Approval Order becomes a Final Order. The Settlement Payment shall be paid on the Payment Date, and shall be paid in equal proportions (50/50) to the Pali Capital and the Pali Holdings estates, respectively. The Trustee will consider whether there is any need to adjust this allocation, and if necessary, will seek Court approval of such re-allocation.

10.    **Dismissal of Actions**.  Promptly upon the issuance of a Final Order, and the receipt by the Trustee of the Settlement Payment: (a) the Trustee and the Defendants shall take any further steps necessary to dismiss with prejudice the Adversary Proceedings, and shall also dismiss or withdraw motions to withdraw the reference currently pending in the United States District Court for the Southern District of New York; (b) the Defendants and Underwriters shall move to dismiss with prejudice all other actions or proceedings commenced by any of the Defendants or by Underwriters that are pending against the Debtors, the Debtors' estates, the Trustee or Underwriters, including, but not limited to, the Reifler Arbitration; (c) any proofs of claim filed by or on behalf of any of the Defendants or Underwriters in either of the Debtors' cases shall be deemed disallowed and expunged without the need for any further order of the Bankruptcy Court, and each of the Defendants or Underwriters shall be prohibited from re-filing any proof of claim or other claim against the Debtors' estates; and (d) Defendants Reifler, Cohen, Fisher and Schenk shall take any further steps necessary to dismiss with prejudice the Reifler Action.  In the event that the Defendants do not promptly move to dismiss the necessary actions pending against the Debtors' estates or the Trustee, Defendants authorize the Trustee to move for dismissal, and the Defendants expressly consent to such dismissal and to the taking of such action by the Trustee on behalf of the Defendants. Defendants represent that the "**Article 78 Proceeding**," New York Supreme Court, Index No. 110788/2008 and the "**Derivative Action**," New York Supreme Court, Index No. 601938/2008, have been discontinued or dismissed.

11.    **Warranties and Representations**.  Except for the written warranties, representations, covenants, terms and conditions specifically set forth herein, in executing this Agreement, no Party has received nor relied upon any oral or written representation, statement or

communication of any other party or party representative regarding any past or present fact, circumstance, condition, state of affairs, legal effect, or promise of future action. Each Party has been represented by its own counsel of its choice in the negotiation of this Agreement and consideration identified herein and the preparation of this Agreement and, except for the representations, warranties, covenants, terms, and conditions referenced in this Agreement, each party has relied solely upon the information from, and advice of, its own counsel.

12.     **Notification of Agreement in Chapter 7 Cases**. The Trustee, by his counsel, shall seek approval of this Agreement from the Bankruptcy Court upon notice to all creditors and parties in interest in each of the Pali bankruptcy cases.

13.     **Notice**. Any notice in connection with this Agreement shall be given, by email and by certified mail, to each of the Parties to the following individuals:

> For the Trustee:
>
> Angela J. Somers (asomers@rctlegal.com)
> Jeffrey E. Gross (jgross@rctlegal.com)
> Reid Collins & Tsai LLP
> One Penn Plaza
> New York, New York 10119
>
> With a copy to:
>
> Yann Geron (ygeron@foxrothschild.com)
> Mitchell Berns (mberns@foxrothschild.com)
> Fox Rothschild LLP
> 100 Park Avenue, Suite 1500
> New York NY 10017
>
> For Defendants:
>
> John McFadden, Esq. (jmcf@jmcf.com)
> McFadden, Pilkington & Ward LLP
> 104 North Woodstock Street
> Philadelphia, PA 19103
> Counsel to Mr. Richard Abrahams
>
> Mark Nelson Parry, Esq. (mparry@mosessinger.com)
> Moses & Singer LLP
> 405 Lexington Avenue
> New York, NY 10174-1299
> Counsel to Mr. Richard Anthony
>
> Richard B. Feldman, Esq. (rfeldman@rfs-law.com)
> Rosenberg Feldman Smith, LLP

551 Fifth Avenue, 24th Floor
New York, NY 10176
Counsel to Mr. Bert R. Cohen
and Mr. Bradley T. Berk

Gregory L. Smith, Esq. (gls@logls.com)
Law Office of Gregory L. Smith
147 Prince Street, 2nd Floor
Brooklyn, NY 11201
Counsel to Mr. Bradley C. Reifler
Mr. David A. Wasitowski
Mr. Timothy Parrott
Reifler Capital Advisors, Inc.

James Shenwick, Esq. (jshenwick@gmail.com)
Shenwick & Associates
655 Third Avenue, 20th Floor
New York, NY 10017
Counsel to Mr. Peter F. Borish

David Cohen, Esq. (dcohen@morrisoncohen.com)
Morrison Cohen LLP
909 Third Avenue, Floor 27
New York, NY 10022
Counsel to Mr. Kevin Fisher and Mr. John Fedders

Ronald R. Sussman, Esq. (rsussman@cooley.com)
Cooley LLP
1114 Avenue of the Americas
New York, NY 10036
Counsel to Mr. Gary Freedman

Jorian Rose, Esq. (jrose@bakerlaw.com)
Baker Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Counsel to Mr. Ronald Weinstein

Damian Cavaleri, Esq. (dcavaleri@hnrklaw.com)
Hoguet Newman Regal & Kenney
10 East 40th Street
New York, NY 10016
Counsel to Mr. Joseph Schenk

For Underwriters:

      Philip J. Walsh, Esq. (pjwalsh@coulterwalsh.com)
      Coulter & Walsh
      675 Third Avenue, Suite 1805
      New York, New York 10017

14.    **No Admission of Liability**. This Agreement is entered into as a good faith compromise among the Parties for the complete and final settlement of any and all claims, disputes and causes of action among them. By this settlement, no Party admits liability to any other Party in any respect (other than the obligations set forth in this Agreement), or makes any admission as to factual or legal contentions relating to the matters settled herein. The Approval Order shall state the order shall not constitute a determination of any wrongdoing on the part of Defendants in conjunction with the released claims. The Approval Order shall also state that any Proofs of Claims filed by Defendants or the Reifler Family Trust are disallowed and expunged without the need for any further order of the Bankruptcy Court.

15.    **No Assignment or Transfer**. The Parties warrant and represent to each other that none of them has heretofore assigned or transferred to any person not a party to this Agreement any claims that are subject to the Releases referenced herein or any portion thereof and each shall defend, indemnify, and hold harmless the other from and against any claim (including the payment of attorneys' fees and costs actually incurred whether or not litigation is commenced) based on or in connection with or arising out of any such assignment or transfer made, purported, or claimed.

16.    **Jointly Drafted**. This Agreement shall be treated as jointly drafted, and will not be construed against any Party as drafter. This Agreement provides no rights to any third party except to the extent expressly set forth herein.

17.    **Tolling of Statutes of Limitations.** The Parties expressly stipulate, covenant, and agree that the running of any and all statutes of limitations, statutes of repose, laches periods, or other time deadlines (whether statutory, equitable, contractual, or otherwise, including, without limitation, sections 108, 546, and 550 of the Bankruptcy Code) relating to the claims being released herein (that had not expired or were tolled as of the date of the filing of the complaints relating to the Adversary Proceedings) are hereby tolled through and including 30 days following the later of (i) any express denial of Bankruptcy Court to enter the Approval Order or (ii) the reversal or failure to sustain the Approval Order by an applicable court of appeal (the "**Tolling Period**") unless and until an Approval Order becomes a Final Order.

18.    **California Parties**. To the extent that any Defendant is a resident of, or is otherwise domiciled in California, such party waives the provisions of section 1542 of the California Civil Code.

19.    **Entire Agreement**. This Agreement constitutes the entire agreement among the Parties on the subjects addressed herein. No supplement, modification, amendment, waiver or termination of this Agreement shall be binding unless executed in writing by the Parties to be

bound thereby. This Agreement is executed without reliance upon any representations by any person or entity concerning the nature, cause or extent of injuries, or legal liability therefore, or any other representations of any type or nature except as set forth herein. No contrary or supplementary oral agreement shall be admissible in a court to contradict, alter, supplement, or otherwise change the meaning of this Agreement. THE PARTIES ALSO ACKNOWLEDGE THE CONTESTED AND ADVERSARIAL NATURE OF THE CLAIMS AND UNDERLYING DISPUTES AND STIPULATE THAT IN EXECUTING THIS AGREEMENT THEY ARE NOT RELYING ON ANY REPRESENTATION BY ANY OTHER PARTY OR ITS/HIS AGENTS, REPRESENTATIVES OR ATTORNEYS, WITH REGARD TO (1) FACTS UNDERLYING THE ADVERSARY PROCEEDINGS, (2) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND (3) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO THE DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY SET FORTH IN THIS AGREEMENT. The Parties acknowledge and expressly agree that the provisions of this Agreement are fair, adequate and reasonable, are fully satisfactory to each of them, are not unconscionable to their respective best interests as they perceive those interests.

20.    **Execution in Counterparts**. This Agreement may be executed in any number of counterparts each of which, when executed and delivered, shall be deemed an original and all of which together shall constitute but one and the same agreement. The signatories executing this Agreement represent and warrant that they are authorized to execute this Agreement on behalf of the Parties and entities for whom they sign and in the capacities set forth below. Signatures obtained by facsimile, email in PDF or similar format, or other electronic means shall be deemed to be an original signature.

21.    **Attorneys' Fees and Costs**. Each Party agrees to bear its own fees and costs, including attorney's fees, with respect to any duties required of such party under this Agreement as well as in any matter involving, referring, or relating to the interpretation and enforcement of this Agreement; and in connection with any disputes that may arise between the Parties relating to this Agreement.

22.    **Governing Law**. This Agreement is to be governed by the laws of the State of New York without regard to principles of conflicts of law. The Bankruptcy Court shall retain exclusive jurisdiction over the interpretation and enforcement of this Agreement, as well as any disputes that may arise between the Parties relating to this Agreement, and the Parties consent to the exclusive jurisdiction of the Bankruptcy Court for these purposes.

23.    **Bankruptcy Court Approval**. This Agreement is subject to approval by the Bankruptcy Court.

**IN WITNESS WHEREOF**, the parties have executed below.

Richard Abrahams

By: Richard Abrahams

Date: 28 AUGUST 2013

STATE OF _____ )
                       ) ss.:
COUNTY OF _____ )

**LSG Solicitors**
**35 Piccadilly**
**London W1J OLP**
Solicitor

I, HAL BRANCH , a Notary Public, do hereby certify that Richard Abrahams, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this _____ day of _____, 2013.

Notary Public   SOLICITOR
My Commission Expires.

HAL BRANCH

**The Remainder of This Page Has Been Left Intentionally Blank**

SETTLEMENT AGREEMENT                    Page 12 of 27

Richard Anthony

By: _____

Richard Anthony

Date: 9 | 10 | 13

STATE OF New York )
                                    ) ss.:
COUNTY OF Rich )

I, Jorgina C. Russo , a Notary Public, do hereby certify that Richard Anthony, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 10 day of Sept , 2013.

_____
Notary Public
My Commission Expires:

JORGINA C RUSSO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01RU6254854
Qualified in Richmond County
My Commission Expires January 23, 2016

**The Remainder of This Page Has Been Left Intentionally Blank**

By: _____

Bradley Berk

Date: **8/28/13**

STATE OF Connecticut )
                              ) ss.: Westport
COUNTY OF Fairfield )

I, Laura A MacLean ____, a Notary Public, do hereby certify that Bradley Berk, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 28ᵗʰ day of August ____, 2013.

_____
Notary Public
My Commission Expires: 3/31/16

Laura A. MacLean
NOTARY PUBLIC
State of Connecticut
My Commission Expires
March 31, 2016

## The Remainder of This Page Has Been Left Intentionally Blank

**Peter Borish**

By: _____

Peter Borish

Date: _09/04/2013_

STATE OF _NY_ )
) ss.:
COUNTY OF _NEW YORK_ )

I, _MARTINA MISIK_, a Notary Public, do hereby certify that Peter Borish, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this _4th_ day of _September_, 2013.

_Martina Misik_

Notary Public
My Commission Expires: _06/25/2016_

MARTINA MISIK
Notary Public - State of New York
No. 01MI6264259
Qualified in New York County
My Commission Expires June 25, 2016

**The Remainder of This Page Has Been Left Intentionally Blank**

**Bert R. Cohen**

By: _____
Bert R. Cohen

Date: August 28, 2013

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

On August 28, 2013, before me, M.P. CURRAN, a Notary Public, personally appeared BERT R.
COHEN, who proved to me on the basis of satisfactory evidence to be the person whose name is
subscribed to the within instrument, and acknowledged to me that he executed the same in his
authorized capacity, and that by his signature on the instrument the person, or the entity upon
behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

M. P. CURRAN
Commission # 1887874
Notary Public - California
Los Angeles County
My Comm. Expires May 28, 2014

**The Remainder of This Page Has Been Left Intentionally Blank**

Settlement Agreement          Page 16 of 27

John Fedders

By: _John M Feldus_

John Fedders

Date: _Aug 29, 2013_

STATE OF _District_ )
_of Columbia_ ) ss.:
COUNTY OF _____ )

I, _MARK G. GRIFFIN_, a Notary Public, do hereby certify that John Fedders, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this _27th_ day of _August_, 2013.

_____
Mark G. Griffin
Notary Public, District of Columbia
My Commission Expires 1/14/2013

**The Remainder of This Page Has Been Left Intentionally Blank**

**Kevin Fisher**

By: _____
        Kevin Fisher

Date: 8/28/13

STATE OF New York )
                                          ) ss.:
COUNTY OF Manhattan )

I, Staci L. Palazzo _____, a Notary Public, do hereby certify that Kevin Fisher, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 28th day of August _____, 2013.

_____
Notary Public
My Commission Expires: April 25, 2014

STACI L. PALAZZO
Notary Public, State Of New York
No. 01PA5026715
Qualified In Nassau County
Commission Expires April 25, 2014

**The Remainder of This Page Has Been Left Intentionally Blank**

**Gary Freedman**

By: _____
         Gary Freedman

Date: August 28, 2013

STATE OF CALIFORNIA                          )
                                                              )
COUNTY OF LOS ANGELES                    )

On August 28, 2013, before me, M.P. CURRAN, a Notary Public, personally appeared GARY
FREEDMAN, who proved to me on the basis of satisfactory evidence to be the person whose
name is subscribed to the within instrument, and acknowledged to me that he executed the same
in his authorized capacity, and that by his signature on the instrument the person, or the entity
upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public

> M. P. CURRAN
> Commission # 1887874
> Notary Public - California
> Los Angeles County
> My Comm. Expires May 28, 2014

## The Remainder of This Page Has Been Left Intentionally Blank

Settlement Agreement                   Page 19 of 27

**Timothy Parrott**

By: _____

     Timothy Parrott

Date: _8-28-13_

STATE OF ___NY___ )

              ) ss.:

COUNTY OF _Richmond_ )

  I, _Maria Wilson DiChiara_, a Notary Public, do hereby certify that Timothy Parrott, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this _28_ day of _August_ , 2013.

_____

Notary Public

My Commission Expires:

                  MARIA WILSON  DiChiara
          NOTARY PUBLIC, STATE OF NEW YORK
               NO: 01-W14939986
          QUALIFIED IN RICHMOND COUNTY
         COMMISSION EXPIRES: 08-01-2014

**The Remainder of This Page Has Been Left Intentionally Blank**

**Bradley Reifler**

By: _____

    Bradley Reifler

Date: 08|28|2013

STATE OF NEW YORK )
                   ) ss.:
COUNTY OF NEW YORK )

   I, MALGORZATA LESZCZYNSKA, a Notary Public, do hereby certify that Bradley Reifler, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 28th day of AUGUST _____, 2013.

Notary Public
My Commission Expires:
      01|17|16

> MALGORZATA T LESZCZYNSKA
> Notary Public - State of New York
> NO. 01LE6254612
> Qualified in Kings County
> My Commission Expires 01|17|16

**The Remainder of This Page Has Been Left Intentionally Blank**

**Bradley Reifler**

By: _____
    Bradley Reifler


Date: _____

STATE OF _____ )
                          ) ss.:
COUNTY OF _____ )

I, _____, a Notary Public, do hereby certify that Bradley Reifler, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this _____ day of _____, 2012.


_____
Notary Public
My Commission Expires:

**Joseph Schenk**

By: _____
    Joseph Schenk

Date: 8/27/13
STATE OF New York )
                  ) ss.:
COUNTY OF Bronx )

I, Marisol Beyk, a Notary Public, do hereby certify that Joseph Schenk, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 27 day of August, 2013.

_____
Notary Public
My Commission Expires:

```
MARISOL BEYK
Notary Public, State of New York
Registration #01BE6144946
Qualified in Bronx County
Commission Expires May 1, 2014
```

**David Wasitowski**

By: _____
    David Wasitowski

David Wasitowski

By:

David Wasitowski

Date: 08|28|13

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF NEW YORK )

I, MALGORZATA LESZCYNSKA Notary Public, do hereby certify that David
Wasitowski, personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person and acknowledged that he signed
and delivered the said instrument as a free and voluntary act, for the uses and purposes therein
set forth. Given under my hand and official seal this 28ᵗʰ day of AUGUST_____, 2013.

Notary Public
My Commission Expires
    01|17|16

> MALGORZATA T LESZCZYNSKA
> Notary Public - State of New York
> NO. 01LE8254612
> Qualified in Kings County
> My Commission Expires 01|17|16

**The Remainder of This Page Has Been Left Intentionally Blank**

**Ronald Weinstein**

By: _____
    Ronald Weinstein

Date: 8|28|13

STATE OF Washington )
                    ) ss.:
COUNTY OF King    )

I, CHELSEA MORGAN, a Notary Public, do hereby certify that Ronald Weinstein, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act, for the uses and purposes therein set forth. Given under my hand and official seal this 28 day of August, 2013.

_____
Notary Public
My Commission Expires:

Notary Public
State of Washington
CHELSEA MORGAN
My Appointment Expires Jun 18, 2016

**The Remainder of This Page Has Been Left Intentionally Blank**

**Reifler Capital Advisors, Inc.**

By: _____

Bradley Reifler

Date: 08|28|2013

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, MALGORZATA LESZCZYNSKA, a Notary Public, do hereby certify that Bradley Reifler, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as a free and voluntary act on behalf of Reifler Capital Advisors, Inc., for the uses and purposes therein set forth. Given under my hand and official seal this 28+h day of AUGUST , 2013.

_____
Notary Public
My Commission Expires:
01|17|16

MALGORZATA T LESZCZYNSKA
Notary Public - State of New York
NO. 01LE6254612
Qualified in Kings County
My Commission Expires 01|17|16

**The Remainder of This Page Has Been Left Intentionally Blank**

September 13,

Dated: August ~~29~~, 2013

Yann Geron, Esq., Chapter 7 Trustee
of the Estates of Pali Holdings, Inc.
and Pali Capital, Inc.

By: _____
    Yann Geron, Esq.

Dated: August __, 2013


## The Remainder of This Page Has Been Left Intentionally Blank

COULTER & WALSH

By: _____

Philip J. Walsh, Esq.
675 Third Avenue, Suite 1805
New York, NY 10017
*Counsel for Underwriters*

**The Remainder of This Page Has Been Left Intentionally Blank**

## Schedule A

Wiring Instructions

**Yann Geron**

| | | |
|---|---|---|
| Beneficiary Bank Name | : | Empire National Bank – Trustee Services |
| Beneficiary Bank Routing No. | : | 021414426 |
| Beneficiary Account No. | : | 9300000402 |
| Beneficiary Account Name | : | Yann Geron as Chapter 7 Trustee of Pali Capital, Inc. |
| Additional Reference/ Payment Information | : | Case No. 10-15391 |

1

## Schedule B

Wiring Instructions

**Richard Abrahams**

| | | |
|---|---|---|
| Bank Name | : | Wells Fargo Bank, NA |
| Bank Address | : | 123 South Broad Street |
| | | Philadelphia, PA 19109 |
| ABA No. | : | 121000248 |
| Swift Code | : | PNBPUS33 |
| Account Title | : | McFadden Pilkington & Ward LLP |
| | | 104 North Woodcock Street |
| | | Philadelphia, PA 19103 |
| Account No. | : | 2000046185385 |

**Richard Anthony**

| | | |
|---|---|---|
| Bank Name | : | Capital One, National Association |
| Bank Address | : | 280 Park Avenue, 23rd Floor |
| | | New York, NY 10017 |
| Bank Contact | : | Karina J. Iturrios (212) 916-2860 |
| ABA No. | : | 021407912 |
| Swift Code | : | HIBKUS44 (for international wire transfers) |
| Account Name | : | Moses & Singer LLP |
| | | 405 Lexington Avenue |
| | | New York, NY 10174 |
| Account No. | : | 7527681302 |
| M&S Contact | : | Hilda E. Andino |
| | | Tel: 212-554-7550 |
| | | Fax: 917-206-4387 |
| M&S Reference No. | : | 014585.0101 |

**Bradley Berk**

| | | |
|---|---|---|
| Bank Name | : | JPMorgan Chase |
| Bank Address | : | 522 Fifth Avenue |
| | | New York, New York |
| ABA No. | : | 021000021 |
| Account No. | : | 91067151165 |
| Account Name | : | Rosenberg Feldman Smith, LLP |
| | | 551 Fifth Avenue, 24th Floor |
| | | New York, NY 10176 |

**Peter Borish**

| | | |
|---|---|---|
| Bank Name | : | HSBC |
| Bank Address | : | 950 Third Avenue |
| | | New York, NY 10022 |

1

| | | |
|---|---|---|
| ABA No. | : | 021001088 |
| Account No. | : | 134 702 387 |
| Account Name | : | Shenwick & Associates |
| | | 655 Third Avenue, 20th Floor |
| | | New York, NY 10017 |

**Bert R. Cohen**

| | | |
|---|---|---|
| Bank Name | : | JPMorgan Chase |
| Bank Address | : | 522 Fifth Avenue |
| | | New York, New York |
| ABA No. | : | 021000021 |
| Account No. | : | 91067151165 |
| Account Name | : | Rosenberg Feldman Smith, LLP |
| | | 551 Fifth Avenue, 24th Floor |
| | | New York, NY 10176 |

**John Fedders**

| | | |
|---|---|---|
| Bank Name | : | HSBC |
| Bank Address | : | 950 Third Avenue |
| | | New York, NY 10022 |
| ABA No. (for wire transfer) | : | 021 001 088 |
| ABA No. (for ACH transfer) | : | 021 001 088 |
| Account Name | : | Morrison Cohen LLP – Operating Account |
| Account Address | : | 909 Third Avenue |
| | | New York, NY 10022 |
| Account No. | : | 610-044460 |
| Swift Code (for international wire) | : | MRMDUS33 |
| Special Instructions | : | 023484-0001; 023483-0001 |

**Kevin Fisher**

| | | |
|---|---|---|
| Bank Name | : | HSBC |
| Bank Address | : | 950 Third Avenue |
| | | New York, NY 10022 |
| ABA No. (for wire transfer) | : | 021 001 088 |
| ABA No. (for ACH transfer) | : | 021 001 088 |
| Account Name | : | Morrison Cohen LLP – Operating Account |
| Account Address | : | 909 Third Avenue |
| | | New York, NY 10022 |
| Account No. | : | 610-044460 |
| Swift Code (for international wire) | : | MRMDUS33 |
| Special Instructions | : | 022062-0006; 023483-0001 |

**Gary Freedman**

| | | |
|---|---|---|
| Bank Name | : | Bank of America |
| Bank Address: | : | 345 Montgomery Street |

2

|  |  |  |
|---|---|---|
|  |  | San Francisco, CA 94104 |
| ABA No. | : | 026009593 |
| Account No. | : | 14997-50919 |
| Swift No. | : | BOFAUS3N |
| Law Firm | : | Cooley LLP |
|  |  | 101 California Street |
|  |  | San Francisco, CA 94111 |

**Timothy Parrott**

|  |  |  |
|---|---|---|
| Bank Name | : | Citibank, N.A. |
| Bank Address | : | 22 West 32nd Street |
|  |  | New York, NY 10001 |
|  |  | Tel: 877-528-0990 |
| ABA No. | : | 021000089 |
| Swift No. | : | CITIUS33 |
| Account No. | : | 9953703531 |
| Account Name | : | Law Office of Gregory L. Smith |
|  |  | 147 Prince Street |
|  |  | Brooklyn, NY 11201 |
|  |  | Tel: (718) 210-3641 |

**Reifler Capital Advisors, Inc.**

|  |  |  |
|---|---|---|
| Bank Name | : | Citibank, N.A. |
| Bank Address | : | 22 West 32nd Street |
|  |  | New York, NY 10001 |
|  |  | Tel: 877-528-0990 |
| ABA No. | : | 021000089 |
| Swift No. | : | CITIUS33 |
| Account No. | : | 9953703531 |
| Account Name | : | Law Office of Gregory L. Smith |
|  |  | 147 Prince Street |
|  |  | Brooklyn, NY 11201 |
|  |  | Tel: (718) 210-3641 |

**Bradley Reifler**

|  |  |  |
|---|---|---|
| Bank Name | : | Citibank, N.A. |
| Bank Address | : | 22 West 32nd Street |
|  |  | New York, NY 10001 |
|  |  | Tel: 877-528-0990 |
| ABA No. | : | 021000089 |
| Swift No. | : | CITIUS33 |
| Account No. | : | 9953703531 |
| Account Name | : | Law Office of Gregory L. Smith |
|  |  | 147 Prince Street |
|  |  | Brooklyn, NY 11201 |
|  |  | Tel: (718) 210-3641 |

## Joseph Schenk

| | | |
|---|---|---|
| Bank Name | : | Signature Bank |
| Bank Address | : | 261 Madison Avenue |
| | | New York, NY 10016 |
| | | Tel: (646) 822-1360 |
| ABA No. | : | 026013576 |
| IBAN (Swift) No. | : | SIGNUS33 |
| Account No. | : | 1500230696 |
| Account Name | : | Hoguet Newman Regal & Kenney, LLP |
| | | Operating Account |
| Account Address | : | 10 East 40th Street |
| | | New York, NY 10016 |

## David Wasitowski

| | | |
|---|---|---|
| Bank Name | : | Citibank, N.A. |
| Bank Address | : | 22 West 32nd Street |
| | | New York, NY 10001 |
| | | Tel: 877-528-0990 |
| ABA No. | : | 021000089 |
| Swift No. | : | CITIUS33 |
| Account No. | : | 9953703531 |
| Account Name | : | Law Office of Gregory L. Smith |
| | | 147 Prince Street |
| | | Brooklyn, NY 11201 |
| | | Tel: (718) 210-3641 |

## Ronald Weinstein

| | | |
|---|---|---|
| Bank Name | : | KeyBank, N.A. |
| Bank Address | : | 2025 Ontario Street |
| | | Cleveland, OH 44115 |
| ABA No. | : | 041001039 |
| Swift No. | : | KEYBUS33 |
| Account No. | : | 1001516552 |
| Account Name | : | Baker & Hostetler LLP |
| Account Address | : | 1900 East 9th Street, Suite 3200 |
| | | Cleveland, OH 44114-3482 |
| Reference No. | : | 048119.1 |

4