# EXHIBIT B

| | |
|---|---|
| **REID COLLINS & TSAI LLP** | Hearing Date:  October 16, 2013 |
| Angela J. Somers | Time:  9:45 a.m. |
| Jeffrey E. Gross | Objection Date:  October 9, 2013 |
| One Penn Plaza, 49th Floor | Time:  4:00 p.m. |
| New York, New York  10119 | |
| 212.344.5200 (telephone) | |
| 212.344.5299 (facsimile) | |

*Special Counsel for Trustee/Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X      Chapter 7

In re:                                                                           Cases No.    10-11727 (REG)
                                                                                                       10-15393 (REG)
PALI HOLDING, INC., and
PALI CAPITAL, INC.

                                    Debtors.

---------------------------------------------------------X

YANN GERON, Chapter 7 Trustee of the Estates of        Adv. Proc. No.    13-01178 (REG)
Pali Holdings, Inc. and Pali Capital, Inc.,                                                  13-01179 (REG)

                                    Plaintiff,

            - against –

RICHARD ABRAHAMS, RICHARD ANTHONY,
BRADLEY BERK, PETER BORISH, BERT R.
COHEN, JOHN FEDDERS, KEVIN FISHER,
GARY FREEDMAN, TIMOTHY PARROTT,
BRADLEY REIFLER, JOSEPH SCHENK, DAVID
WASITOWSKI, RONALD WEINSTEIN, and
REIFLER CAPITAL ADVISORS, INC.,

                                    Defendants.
---------------------------------------------------------X

## VERIFIED STATEMENT OF ANGELA J. SOMERS
## IN SUPPORT OF APPLICATION FOR ALLOWANCE OF COMPENSATION
## BY REID COLLINS & TSAI LLP, TRUSTEE'S SPECIAL COUNSEL

   The undersigned, Angela J. Somers, submits this verified statement pursuant to 28 U.S.C.

§ 1746 under penalty of perjury and states as follows:

1.  I am an attorney admitted to practice law in the State of New York. I am duly admitted and in good standing to practice before the United States District and Bankruptcy Courts for the Eastern and Southern Districts of New York. I am Of Counsel at the law firm of Reid Collins & Tsai LLP ("**RCT** or "**Special Counsel**"). My office is located at One Penn Plaza, 49th floor, New York, New York 10119.

2.  I submit this verified statement in support of the Trustee's Motion for an Order (I) Pursuant to Bankruptcy Code 105(a) and Bankruptcy Rule 9019(a) Approving a Settlement Agreement Among the Trustee, the Defendants, and the Underwriters; and (II) Authorizing Payment of Counsel's Contingency Fees and Expenses. Except as otherwise stated herein, all facts set forth in this verified statement are based upon my personal knowledge and upon the client/matter records of RCT or derived from information available to me that I believe to be true and correct.

3.  The Court approved RCT's engagement as Special Counsel for the Trustee on February 4, 2013 as of December 6, 2012. In the Trustee's January 31, 2013 application for the engagement of RCT, the Trustee submitted RCT's engagement letter (the **"Engagement Letter"**) concerning the terms by which RCT agreed to act as "Special Counsel" and analyze and pursue claims against the Debtors' former directors and officers (the **"Claims"**).

4.  The Court approved the engagement of Special Counsel for these matters on a contingent fee basis with a fee of thirty five percent (35%) of any net recoveries (**"Net Recoveries"**) received through settlement or other resolution of the claims against the directors and officers once Special Counsel filed a Complaint in connection with these claims (the **"RCT Post-Suit Fees"**). Paragraph 5 of the Engagement Letter defines Net Recoveries as follows: "'Net Recoveries' shall be equal to the Gross Recoveries minus the sum of (A) Expenses (as

2

defined in paragraph (6) below), (B) any reasonable out-of-pocket expenses incurred by Fox Rothschild, as Trustee's counsel, on or after the date of this Letter of Engagement relating to the Claims, and (C) the cost of any collection counsel hired to execute on any judgment or order." Pursuant to Paragraph 6 of the Engagement Letter, RCT shall be entitled to reimbursement of any advanced expenses from any Gross Recoveries.

5.      The Engagement Letter also provided that the Trustee's counsel, Fox Rothschild LLP (**"Fox Rothschild"**), was entitled to be paid 2.5 times its hourly fees for its assistance in pursuing the Claims during the post-suit phase.  The Engagement Letter further provided that Fox Rothschild's fees will be deducted from the RCT Post-Suit Fees, but they shall not exceed 25% of the RCT Post-Suit Fees.

6.      I have reviewed the motion for approval of the Settlement and authorizing the payment of RCT's fees.  The facts stated therein regarding the details of Special Counsel's work on the Claims and the above-captioned adversary proceedings (the **"Adversary Proceedings"**) are true and correct.  Special Counsel's work on the Claims and the Adversary Proceedings included, but was not limited to, the following:

- Researching and preparing memoranda regarding claims and defenses, fiduciary duties, statutes of limitations, jurisdictional issues, and securities industry and FINRA industry regulations, practices and procedures, among other legal issues;
- Interviewing, hiring, and meeting with the consulting experts (Benedetto Gartland & Company) regarding the securities industry, corporate governance, and other matters;
- Reviewing the 2004 examinations concerning Pali witnesses and prior deposition testimony, pleadings, and motions in the extensive prior litigations concerning Pali, including an Article 78 proceeding and derivative action, as well as the internal investigation;
- Conferring with Fox Rothschild on numerous calls and meetings to understand the work that had been done before Special Counsel's involvement;
- Preparing the complaints in the Adversary Proceedings;
- Reviewing electronic and hard copy Pali records and creating a detailed chronology;
- Interviewing witnesses who had material information about the Claims;

3

- Conducting research into various issues concerning the applicability of certain insurance policies belonging to the Debtors, as well as potential defenses to coverage;
- Collecting and analyzing extensive legal and factual information in order to prepare two PowerPoint presentations and deliver them to groups of defendants, who were loosely divided into four primary groups of similarly-situated parties,
- Participating in numerous calls and meetings with defendants to provide additional information about the merits of the Trustee's claims; and
- Negotiating a settlement with the Defendants and the insurance underwriters, considering and analyzing various offers, including a recovery from one Defendant group beyond any recovery under the Policy, and weeks of drafting of the Stipulation.

7.  I have reviewed the time records of the RCT attorneys and paralegals who worked on the Adversary Proceedings. In my opinion, the time spent and the fees charged were reasonable and necessary. RCT incurred expenses of $1,804, the substantial majority of which were charges relating to Westlaw research and postage/courier services. RCT also owes the consultants it engaged, Benedetto, Gartland & Company $13,140 in connection with the consultants' work in connection with developing the claims. The detailed billing summary is attached hereto as Schedule 1. I have reviewed the detail of such expenses and found it to be reasonable and accurate. These two components of expenses total $14,944. As set forth in the separation application submitted by Fox Rothschild, that firm incurred $31.64 of out-of-pocket expenses in connection with the Claims.

8.  As set forth in the Motion, the Claims against Defendants were settled by promises to make payments to the Trustee by: (i) Brit Insurance Syndicate 2987, and Lexington Insurance Company (the **"Underwriters"**) of the sum of five million three hundred and fifty thousand dollars ($5,350,000) (the **"Underwriters Payment"**), of which amount five hundred sixty-five thousand dollars ($565,000) the Trustee shall pay to Defendants' Counsel in connection with the claims by Defendants for coverage (**"Defendants' Counsel Fees"**); and (ii)

4

Bert Cohen and/or Brad Berk of the sum of three hundred and seventy-five thousand dollars ($375,000) (the **"Cohen Payment"**).

9. The total of the Underwriters Payment plus the Cohen Payment less the Defendants' Counsel Fees shall result in a net amount of $5,160,000 to be received by the Trustee. From that amount, pursuant to RCT's Engagement Letter, $14,944 of RCT's expenses and $31.64 of Fox Rothschild's expenses in connection with the litigation shall be deducted, deriving a Net Recovery of $5,145,024.36. Applying the 35% to this Net Recovery results in an initial RCT fee of $1,800,758.53.

10. As per the Engagement Letter, RCT's fee is reduced by Fox Rothschild's recovery of 2.5 times its hourly fees during the post-litigation stage, capped at 25% of RCT's fees. As set forth in the motion, that amount to be paid to Fox Rothschild is $77,113.75 ($30,845.50 x 2.5). If Fox Rothschild's fees are deducted from the initial RCT fee, the total fee is in the amount of $1,723,644.77.

11. While RCT had earned a fee of $1,723,644.77, RCT agreed to reduce its fee in the amount of $115,000 in order to assist in providing the estate an additional recovery. Accordingly, RCT seeks $1,608,644.77 in fees and $14,944 in expenses by this Motion. This division of fees among RCT and Fox Rothschild is fair and reasonable and consistent with the agreement among the firms.

12. RCT's fee set forth above constitutes a recovery of approximately 31.2**%** of the Net Recovery. In my opinion, this contingent fee is a reasonable and customary percentage for a contingent fee recovery, especially given the complexity of the legal and factual issues involved in the claims against the Defendants and the arduous negotiations that resulted in the settlement.

13. Accordingly, RCT respectfully requests entry of an order permitting the payment to RCT of the amount of $1,608,644.77 in fees and $14,944 in expenses from the settlement proceeds in connection with its Engagement Letter.

**SIGNED** under penalty of perjury this 19th day of September 2013.

/s/Angela J. Somers  
Angela J. Somers